Jack Garyth Poulson, Esq.
Attorney for Plaintiff
SANDERS POULSON WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@spw.law

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT ANCHORAGE

| | |
|---|---|
| Adam LaPointe, Plaintiff | Case No. 3:19-CV-00100 ( TMB ) |
| v. | |
| Red Door Charters, LLC; Kachemak Corp.; and Robert K. Bornt; Defendants | |

**Adam LaPointe's Original Complaint - Jury Requested**

Adam LaPointe, Plaintiff, files this original complaint against Red Door Charters, LLC, Robert Bornt, and Kachemak Corporation.

1. **Parties**

    1.1     Adam LaPointe is a resident of New Ipswich, New Hampshire.

    1.2     Red Door Charters, LLC, is a limited liability company with its office and principal place of business and can be served at 3684 Main St., Homer, AK 99603.

    1.3     Robert Bornt is the owner and registered agent of Red Door Charters, LLC, and lists his physical address and can be served at 3684 Main St., Homer, AK 99603.

1.4     Kachemak Corporation is a corporation operating in Alaska and is the registered owner of the vessel "TUFF STUFF" (call sign WYJ4732; Official Number 588114; Hull Number BERJ0797M77I). Kachemak can be served through their agent Registered Agents, Inc. at 125 N. Willow St. Ste. B, Kenai, AK 99611.

## 2. Jurisdiction and Venue

2.1     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1333 which grants concurrent jurisdiction to federal courts over Jones Act Claims and the amount in controversy exceeds $75,000.

2.2     Personal jurisdiction is proper in this Court because the actions and inactions of Defendants occurred in the District of Alaska.

2.3     Venue is proper in this Court because the actions and inactions of Defendants occurred in the District of Alaska.

## 3. Background

3.1     Mr. LaPointe sustained injuries on June 10, 2018, while working for Defendant Red Door as a member of the crew of the vessel TUFF STUFF. On the day of the incident, Mr. LaPointe was one of eight people on board. Mr. LaPointe was pulling up an anchor when the tensioned anchor line broke and hit Mr. LaPointe on his right leg. The anchor line severely injured Mr. LaPointe's shin, ankle, and foot. After being rushed to the hospital Mr. LaPointe had stitches put in his leg and underwent surgery the next week. Mr. LaPointe sustained severe injuries due to negligence of Defendants and the unseaworthy nature of the vessel.

## 4. Count One - Jones Act

4.1     Defendant Red Door is Mr. LaPointe's Jones Act employer and Mr. Lapointe was as an able-bodied seaman working on the vessel at the time of the injury. As such, Mr. LaPointe is protected from the negligence of Red Door by the Jones Act. Mr. LaPointe's injuries were a direct result of the negligence of Red Door and Mr. Bornt who failed at each instance to observe fundamental health and safety concerns, including, but not limited to, failures in the provision and implementation of regular safety policies; failure in its vessel crewing operations; failures in job planning and hazard assessment; failures in the provision of safe equipment; failing to provide a safe and seaworthy vessel, and failures in its hiring, training, and supervision of the crew and captain, including Mr. LaPointe.

4.2     The negligence of Red Door and Mr. Bornt was a proximate cause of the occurrence in question. These Defendants breached their legal duties and caused damages and injuries to Mr. LaPointe. Before being injured, Mr. LaPointe was an able-bodied seaman. Mr. LaPointe did nothing to cause or contribute to his injuries.

4.3     Red Door controlled the vessel in operation on the date of the incident and at all material times. Red Door also controlled the details of the work being performed on the vessel and elsewhere by the vessel's crew and had knowledge of the incompetence of the captain who improperly operated the vessel. Red Door had the right to control and supervise the details of the procedures, equipment, devices, instructions, methods, and manner of work at all times material. Red Door did not use ordinary care when supervising and controlling the work, and the failure to use ordinary care was negligent and a proximate cause of the incident and Mr. LaPointe's injuries.

4.4     Defendants were also grossly negligent and acted with malice, as that term is understood under maritime law, and such conduct was a proximate cause of Mr. LaPointe's injuries. Defendant's reckless and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Mr. LaPointe asks for punitive and exemplary damages in addition to actual damages.

**5.   Count Two - Unseaworthiness**

5.1     Kachemak Corp. is the registered owner of the vessel. Under general maritime law the owner of a vessel has a duty to provide a seaworthy vessel. In this case Kachemak Corp., Red Door, and Mr. Bornt failed to provide a seaworthy vessel which was a proximate cause of injuries to Mr. LaPointe.

**6.   Count Three - Maintenance and Cure**

6.1     Mr. LaPointe is a Jones Act seaman and is entitled to recover maintenance and cure while he is recovering from his injuries until he reaches maximum medical improvement. Mr. LaPointe, therefore, includes in this lawsuit his legal claims for maintenance and cure, both past and future. Defendants failed to properly pay maintenance and cure. As a result of Defendants' failure to provide adequate cure, Mr. LaPointe suffered additional damages and, therefore, is entitled to reasonable and necessary attorney fees and costs.

6.2     Further, under the authority of the U.S. Supreme Court's decision in *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009), Defendants' failure to pay maintenance and cure justifies punitive and exemplary damages.

**7.   Count Four - Respondeat Superior**

7.1     Defendants Red Door and Mr. Bornt are legally responsible to Mr. LaPointe for the negligent conduct of their employees under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendants' employees, were at all times material hereto an agent, ostensible agent, servant and/or employee of said Defendant, and were acting within the course and scope of such agency or employment. As a result thereof, Defendants are liable for all negligence of their employees.

## 8. Legal Damages

8.1     As a result of the incident, Mr. LaPointe sustained pain, loss of enjoyment of life and mental anguish and will likely sustain pain, loss of enjoyment of life and mental anguish in the future. Mr. LaPointe also suffered physical impairment and will likely be physically impaired in the future. Mr. LaPointe has received medical treatment and has past medical expenses. Mr. LaPointe will need continued medical treatment in the future. Defendants are financially responsible for Mr. LaPointe's medical treatment. The medical treatment has been reasonable and necessary both in terms of the procedures and treatments themselves and the costs associated with these treatments. Mr. LaPointe has also suffered lost earnings and earning capacity past and future.

## 9. Punitive Damages

9.1     Because Defendants failed to properly provide maintenance and cure, Mr. LaPointe brings a cause of action for punitive damages for gross and reckless decisions, acts, and/or omissions. Additionally, Defendants have been grossly negligent and punitive damages should be assessed for their gross negligence.

## 10. Pre- and Post Judgment Interest

10.1    Mr. LaPointe is entitled to pre-judgment interest in accordance with law and equity as part of his damages, along with post judgment interest to the extent allowed by law.

## 11. Jury Demand & Request for Disclosure

11.1    Mr. LaPointe demands a trial by jury. Further, Defendants are requested to answer disclosures pursuant to Rule 26 of the Federal Rules of Civil procedure.

## 12. Prayer

12.1    Mr. LaPointe prays Defendants be cited to appear and answer, he recovers his damages in accordance with the evidence, he recovers costs of Court herein, he recovers attorney fees and interest, both pre and post-judgment, to which he is entitled under law, and for any other relief, general and special, legal and equitable, to which he may show himself legally entitled.

Respectfully submitted,

*/s/ Jack Poulson*
_____
Jack Garyth Poulson, Esq.
Attorney for Plaintiff
SANDERS POULSON WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@spw.law

**VB Attorneys**

//Vuk Vujasinovic
_____
Vuk Vujasinovic
Tex Bar No. 00794800
Vuk@vbattorneys.com

6363 Woodway, Suite 400
Job Tennant
Tex. Bar. No. 24106501
Job@vbattorneys.com

Houston, Texas 77057
713.224.7800
713.224.7801 Fax

**Attorneys For Plaintiff Adam LaPointe**